STARN, O'TOOLE, MARCUS, & FISHER
 A Law Corporation
Sharon V. Lovejoy, Bar. No. 5083-0
slovejoy@starnlaw.com
Christopher R. Ford, Bar No. 10679-0
cford@starnlaw.com
733 Bishop Street, Suite 1900
Honolulu, Hawaii  96813
Telephone: (808) 537-6100
Facsimile: (808) 537-5434

WOODLEY & McGILLIVARY LLP
Gregory K. McGillivary
gkm@wmlaborlaw.com
Sara L. Faulman
slf@wmlaborlaw.com
T. Reid Coploff
trc@wmlaborlaw.com
1101 Vermont Ave., N.W., Suite 1000
Washington, D.C. 20005
Telephone: (202) 833-8855
Facsimile: (202) 452-1090

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JATIN DHARIA, | ) | **CV 18-00008 HG-RLP** |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF JATIN DHARIA'S** |
| vs. | ) | **SECOND AMENDED COMPLAINT; JURY** |
| | ) | **DEMAND; CERTIFICATE OF** |
| MARRIOTT HOTEL SERVICES, INC. | ) | **SERVICE** |
|     d/b/a/ WAIKIKI BEACH | ) | |
|     MARRIOTT RESORT & SPA | ) | |
|         Defendant. | ) | |
| | ) | |

### JATIN DHARIA'S FIRST AMENDED COMPLAINT
### AGAINST MARRIOTT HOTEL SERVICES, INC.

1. Plaintiff Jatin Dharia ("*Dharia*") is a current employee of the defendant Marriott Hotel

Services, Inc. doing business as Waikiki Beach Marriott Resort & Spa. He brings this action to remedy defendant's violation of federal and state law as set forth herein. Plaintiff Dharia brings this action as a result of defendant's unlawful failure to accommodate and discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et. seq.*, for which Dharia seeks injunctive and declaratory relief, compensatory and punitive damages, and other relief pursuant to 42 U.S.C. § 12117. Dharia also brings this action on behalf of himself and other employees similarly situated as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("**FLSA**") and the Hawaii Wage and Hour Law, Haw. Rev. Stat. § 387-3, and as a class action in accordance with Fed. R. Civ. P. 23 and the Hawaii Wage and Hour Law, Haw. Rev. Stat. § 387-112(c), because of defendant's unlawful deprivation of plaintiff's right to overtime compensation. Dharia seeks a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201 *et seq.* and the Hawaii Wage and Hour Law, Haw. Rev. Stat. § 387-1 *et. seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 1343(3) and (4), and 28 U.S.C. § 1367. With respect to his claims of discrimination under the ADA, Dharia exhausted his administrative remedies and received a Notice of Right to Sue within the ninety (90) day period preceding the filing of this complaint in federal court. Attached as Exhibit A is the Notice of Right to Sue issued by the U.S. Equal Employment Opportunity Commission ("EEOC"). Attached as Exhibit B is Dharia's Charge of Discrimination Questionnaire.

3. Venue lies within this district pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff Jatin Dharia is a resident of Honolulu, Hawaii and is employed by the defendant Waikiki Beach Marriott Resort & Spa as a Guest Services Agent Task. The plaintiff has given his written consent to be a party plaintiff in this action pursuant to 29 U.S.C. § 216(b) which is attached hereto as Exhibit C.

5. Defendant Marriott Hotel Services, Inc., doing business as Waikiki Beach Marriott Resort & Spa, is a corporation headquartered at 10400 Fernwood Road, Bethesda, MD 20817. Defendant's registered agent for service of process in Hawaii is Corporate Creations Network, Inc., 1136 Union Mall #310, Honolulu, HI 96813.

6. Defendant is a "covered entity" within the meaning of 42 U.S.C. § 12111(2) and an "employer" within the meaning of 29 U.S.C. §203(d) and Haw. Rev. Stat. § 387-1. Defendant is also a "person" within the meaning of 29 U.S.C. § 203(a).

7. At all times material to this action, defendant has been an enterprise engaged in commerce as defined by 29 U.S.C. § 203(r)(1), and its annual dollar business volume has exceeded $500,000.

8. At all times material herein, defendant has been actively conducting business in Hawaii.

## FACTS

### Violations of the ADA

9. Dharia has been employed as a "Guest Services Agent" and "Guest Services Agent Task" at defendant Waikiki Beach Marriott Resort & Spa in Honolulu, Hawaii since July 2003.

10. As part of the job, Dharia interacted with hotel guests, including checking them in and out of the hotel at the hotel's front desk.

11. Dharia suffers from spinal stenosis, which causes him pain in his back and legs.

12. Due to his spinal stenosis, in late 2014 Dharia began to have problems standing for prolonged periods of time.

13. Guest Services Agents employed by defendant stand behind a high desk in front of a computer when interacting with guests.

14. In late 2014, Dharia asked defendant for a chair to allow him to sit at the front desk.

15. The hotel gave Dharia a high chair to sit on while working with a box for him to put his feet on. Because there were drawers on the desk in front of the chair, Dharia could not rest his legs under the desk and had to lean forward on the edge of the chair to read the computer keyboard. This exacerbated the pain in his back and legs.

16. Although he asked for and received a lower chair, the chair remained behind a high desk, requiring Dharia to reach and look up in order to use the computer, speak with hotel guests, and hand items to hotel guests.

17. On or about May 20, 2015, Dharia became injured while at work because he was required to repeatedly reach and look up while seated in the low chair behind the high desk.

18. On June 10, 2015, Dharia filed a workers' compensation claim due to the work-related injury.

19. After multiple physicians examined Dharia, defendant accepted compensability for the injury.

20. On October 30, 2015, independent medical examiner John S. Endicott, MD, issued a report finding that Dharia was able to perform the functions of his job as long as defendant provided an accommodation that Dharia be able to work at a desk with a chair and be able to have a good ergonomic set up for his computer, keyboard, mouse, and monitor.

21. Despite a recommendation from an independent medical professional that plaintiff could return to work with a reasonable accommodation, defendant refused to return Dharia to work and refused to provide him with a reasonable accommodation for nearly a year.

22. On February 23, 2016, defendant wrote to Dharia's physician asking if the plaintiff was physically able to perform a Guest Services Agent Task position, which is a position performed at a seated desk, and which requires the employee to speak on the phone for extended periods of time. Dharia's physician, Luca Vassalli, MD, responded on March 11, 2016, that Dharia could perform the job "without problem." Despite this, defendant did not place Dharia in the Guest Service Agent Task position for more than six months.

23. On March 28, 2016, Dharia stopped receiving workers' compensation payments; defendant did not schedule him to work and did not pay him.

24. Starting on March 28, 2016, defendant listed Dharia as on unpaid sick leave even though he was able to work with a reasonable accommodation.

25. On April 19, 2016, Dharia attended a meeting with defendant to discuss a reasonable accommodation that would allow him to return to work. Dharia's first requested accommodation was for a lower desk that would allow him to perform his job while seated and without constantly looking and reaching upward. Defendant refused to provide that accommodation.

26. Dharia then asked defendant to provide him with a low chair that he could sit in while there were no guests at the front desk. Dharia's doctor had told Dharia that he could perform the job if he was permitted to sit during slow periods. This accommodation would allow have allowed the plaintiff to stand at the high desk and help guests when the desk is busy and to sit when the area is not busy. Defendant refused to provide Dharia with a chair so that he could

5

sit during slower periods at the desk. Defendant did not tell Dharia why they could not provide him with that accommodation.

27. During the April 19, 2016, meeting, defendant did not make any suggestions of other reasonable accommodations.

28. On April 20, 2016, Dharia received a letter from defendant's Director of Human Resources, Yvette Santiago, stating that defendant had determined that he could not perform the essential functions of either the Guest Services Agent or Guest Services Agent Task positions, with or without a reasonable accommodation.

29. Dharia was and is able to perform the job of Guest Services Agent with a reasonable accommodation and is able to perform the job of Guest Services Agent Task without a reasonable accommodation.

30. Dharia informed the defendant that he could perform the Guest Services Agent job if it provided him with a lower desk or if it simply provided him with a chair that he could sit in during slow periods at the desk. Further, Dharia's physician informed defendant that Dharia could perform a Guest Services Agent Task position without any accommodations.

31. On May 31, 2016, Dharia filed a charge of discrimination on the basis of disability with the EEOC (Charge No. 486-2016-00274).

32. In August 2016, four months after defendant had stated that Dharia was not able to physically perform his job and after Dharia had filed the discrimination charge with the EEOC, defendant again met with Dharia to discuss a reasonable accommodation.

33. In September 2016, defendant gave Dharia a reasonable accommodation, moving him to a Guest Services Agent Task position and returned him to work. Since September 2016,

Dharia has worked in the Guest Services Agent Task position and has received pay from defendant.

34. There was no difference between Dharia's ability to perform the Guest Services Agent Task position in February 2016, when his physician told defendant that he could perform the job without problem, and in September 2016, when defendant placed Dharia in the position following his filing of an EEOC charge.

35. On October 13, 2017, the EEOC issued Dharia a right-to-sue letter with regard to his charge of discrimination on the basis of disability.

### Wage and Hour Violations

36. At all times material herein, Dharia has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*, and Hawaii Wage and Hour Law, Hwa. Rev. Stat. § 387-1 *et. seq.*

37. At all times material herein, Dharia has been entitled to overtime compensation at a rate of not less than one and one-half times his regular rate of pay for the hours of overtime he has worked.

38. While working for defendant, Dharia has been entitled to receive payments from defendant in addition to his base hourly wage. Those payments include, but are not limited to, incentive payments for meeting certain work-based metrics set by defendant, shift differentials for working certain shifts, relief supervisor payments, language specialist payments, special training pay, upselling incentive payments, and linger-longer incentive payments. All other line workers in the Front Office employed by defendant are eligible to receive and do in fact receive these payments.

39. Line worker positions in the Front Office include, but are not limited to, Guest Services Agents, employees who work Rooms Control, and Guest Services Task. These line workers are employed in hourly paid positions and their job tasks include interacting with the hotel's customers and/or selling hotel customers additional services.

40. Dharia is regularly scheduled by the defendant to work 40 hours per week. However, defendant regularly requires that plaintiff perform additional work beyond the 40 hours per week he regularly performs. As such Dharia frequently works more than 40 hours per week.

41. At all times relevant, Dharia has served as a steward for his local union, Unite Here! Local 5. Due to his role as a steward for Unite Here! Local 5, Dharia is aware of the schedules and pay of other line workers in the Front Office employed by defendant.

42. Like Dharia, the Front Office other line workers at the hotel are regularly scheduled by the defendant to work 40 or more hours per week. In fact, defendant regularly schedules the hotel's line workers to perform overtime work beyond 40 hours so that they are regularly scheduled to work, and do in fact work, more than 40 hours a week. As such, Front Office line workers employed by defendant frequently work more than 40 hours per week.

43. In every instance where plaintiff and defendant's Front Office line workers perform work in excess of 40 hours per week, defendant fails to include the additional payments referenced in paragraph 38 when calculating the employees' regular rate of pay. Thus, Dharia and the defendant's Front Office line workers do not receive overtime compensation at the rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 in a week.

44. Dharia and the defendant's Front Office line workers are within Unite Here! Local 5 bargaining unit and are covered by a collective bargaining. The employer follows the collective bargaining agreement in compensating the line workers for overtime pay. The current version of

the collective bargaining agreement is attached as Exhibit D. The agreement, which the employer follows, is in contravention of federal and state and provides that only employees' base wages are considered in calculating the overtime rate of pay. Exhibit D at 34 ("The overtime rate shall be one and one-half (1½) times the straight time base rate.")

45.  At all times relevant there have been approximately 28 Front Office line workers employed by defendant at any given time. Due to high turnover, within the past six years there have been hundreds of line workers employed by defendant who regularly interact with guests and have been eligible to receive, and did receive, payments in addition to their base salaries. Those payments were not included in the employees' regular rate of pay for all hours worked in excess of 40 in a week.

## CLASS ALLEGATIONS

46.  As set forth above, defendant has violated the provisions of the Hawaii Wage and Hour Law, resulting in damages to the Plaintiff as well as the members of the Proposed Class in the form of unpaid wages, liquidated damages, incurred and incurring costs, and reasonable attorneys' fees.

47.  The Hawaii Wage and Hour Law permits class actions. Haw. Rev. Stat. § 387-12(c).

48.  The Proposed Class is defined as follows: From January 5, 2012 to the present, all employees employed by defendant assigned to Front Office line worker positions (including Guest Services Agents, employees who work Rooms Control, and Guest Services Task) who were eligible to receive incentive payments including, but not limited to, night differential, relief supervisor payments, language specialist payments, special training pay, upselling incentive payments, and linger-longer incentive payments.

49. Upon information and belief, there are several hundred members of the Proposed Class. Thus, the Proposed Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, these similarly-situated members of the Proposed Class are known to defendant, are readily identifiable, and can be located through defendant's work and payroll records.

50. There are questions of law and fact common to the members of the Proposed Class, including but not limited to, whether the defendant violated the Hawaii Wage and Hour Law by failing to pay the members of the Proposed Class for all hours worked in excess of 40 in a workweek at the rate of one and one-half times the employees' regular rate of pay by failing to include the payments identified in paragraph 38 in the members of the Proposed Class's regular rates of pay.

51. Other common questions of law and fact include, but are not limited to:

   a. Whether as a result of the overtime pay violations of the Hawaii Wage and Hour Law, the named plaintiff, as well as all members of the Proposed Class, have suffered damages by failing to receive their lawful wages during their tenure of employment with defendant and are entitled to an additional amount equal to the amount of unpaid wages pursuant to Haw. Rev. Stat. § 387-3.

   b. Whether as a result of the overtime pay violations of the Hawaii Wage and Hour Law, the named plaintiff and the members of the Proposed Class are also entitled to an award of attorneys' fees;

10

      c.      Whether defendant's actions in failing to compensate the named plaintiff and other members of the Proposed Class in accordance with the provisions of the Hawaii Wage and Hour Law were willful.

52. The claims of Dharia are typical of all members of the Proposed Class. Dharia has the same interests in this matter as all members of the Proposed Class.

53. Dharia is an adequate class representative, is committed to pursuing this action, and in the undersigned attorneys, has retained competent counsel experienced in wage and hour law and class action litigation.

## COUNT I

### UNLAWFUL FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA, 42 U.S.C. § 12112
### (By Plaintiff Against Defendant)

54. Plaintiff adopts, and incorporates by reference herein, paragraphs 1 through 53 of this Complaint.

55. The acts, policies, and practices of defendant as alleged herein violate the Americans with Disabilities Act ("*ADA*"), 42 U.S.C. § 12112(b)(5)(a).

56. Dharia timely filed a charge of disability discrimination and thereafter received a "Notice of Right to Sue" from the EEOC.

57. Dharia has spinal stenosis and is disabled within the meaning of the ADA, 42 U.S.C. § 12102. He is a qualified individual under the ADA, 42 U.S.C. § 12111(8), and is otherwise qualified for the jobs of Guest Services Agent and Guest Services Agent Task.

58. On multiple occasions, Dharia informed defendant of his disability and requested a reasonable accommodation.

59. At all relevant times, there was an accommodation available to him that would have

been effective and would not have posed an undue hardship.

60. Defendant failed to participate in good faith in the interactive process, failed to provide Dharia with a reasonable accommodation, and failed to demonstrate that to provide the accommodation requested would result in an undue hardship as defined in 42 U.S.C. § 12111(10).

61. Defendant's reasons for failing to provide a reasonable accommodation were pretextual.

62. Dharia is damaged by defendant's violations of the ADA as hereinabove alleged or as proven at trial.

## COUNT II

### UNLAWFUL DISCRIMINATION IN VIOLATION OF THE ADA, 42 U.S.C. § 12112
### (By Plaintiff Against Defendant)

63. Plaintiff adopts, and incorporates by reference herein, paragraphs 1 through 62 of this Complaint.

64. The acts, policies, and practices of defendants as alleged herein violate the ADA, 42 U.S.C. § 12112(a).

65. Dharia timely filed a charge of disability discrimination and thereafter received a "Notice of Right to Sue" from the EEOC.

66. Dharia has spinal stenosis and is a disabled person within the meaning of the ADA. He is otherwise qualified for the job of Guest Services Agent.

67. Defendant discriminated against Dharia based on his disability when defendant failed to provide Dharia a reasonable accommodation, preventing him from performing work or earning pay.

68. Defendant's conduct was willful, knowing and intentional.

69. Defendant's purported reasons for not providing Dharia a reasonable accommodation were false and pretextual.

## COUNT III

### VIOLATION OF § 7(a) OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 207(a)
### (By Plaintiff and All Others Similarly Situated Against Defendant)

70. Plaintiff adopts, and incorporates by reference herein, paragraphs 1 through 69 of this Complaint. Plaintiff brings this count on behalf of himself and other employees similarly situated.

71. Section 7(a) of the Fair Labor Standards Act ("*FLSA*"), 29 U.S.C. § 207(a)(1), provides that employees shall be paid overtime compensation at a rate of not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per work week.

72. Defendant has violated, and continues to violate, 29 U.S.C. § 207(a)(1) by failing and refusing to compensate Dharia and other similarly situated Front Office line worker employees at a rate of not less than one and one-half times the regular rate at which the plaintiff and those similarly situated are employed in workweeks in which Dharia and those similarly situated work forty (40) or more hours per week by failing to include all payments made to plaintiff and others similarly situated when calculating their regular rates of pay and paying overtime to them.

73. Defendant has deprived the plaintiff and other similarly situated Front Office line worker employees of overtime compensation mandated under the FLSA by miscalculating the regular rate of pay at which overtime is paid.  Defendant has failed to include various types of

13

compensation paid in addition to the hourly pay in the regular rates of pay for purposes of calculating FLSA overtime compensation. These types of payments include, but are not limited to, incentive payments for meeting certain work-based metrics set by defendant, shift differentials for working certain shifts, relief supervisor payments, language specialist payments, special training pay, upselling incentive payments, and linger-longer incentive payments. These forms of compensation and similar types of payments made to plaintiff and similarly situated employees are forms of compensation that must be included in the regular rate of pay at which overtime is paid under section 207(a) of the FLSA, 29 U.S.C. § 207(a). Defendant's failure to include these payments in plaintiff's regular rates of pay violates section 207(a) of the FLSA, 29 U.S.C. § 207(a).

74. Defendants' violations of the FLSA were willful and in bad faith.

75. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by defendant from Dharia and similarly situated Front Office line worker employees for which the defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, and the costs of this action.

76. The employment and work records for the plaintiff are in the exclusive possession, custody, and control of defendant, and Dharia is unable to state at this time the exact amount owing to him. Defendant is under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve plaintiff's payroll and other employment records from which the amounts of the defendants' liability can be ascertained.

## COUNT IV

### UNPAID OVERTIME WAGES, Haw. Rev. Stat. § 387-3

**(By Plaintiff, All Others Similarly Situated, and Class Representative on Behalf of the Proposed Class Against Defendant)**

77. Plaintiff adopts, and incorporates by reference herein, paragraphs 1 through 76 of this Complaint.

78. Dharia and the members of the Proposed Class are and have been governed by the wage and overtime requirements of Chapter 387 of the Hawaii Revised Statutes. Section 387-3 of the Hawaii Revised Statutes requires employees be paid at least one and one-half the regular rate of pay for all hours in excess of forty (40) in one work week.

79. During the last six (6) years, defendant has systemically denied Dharia and the members of the Proposed Class overtime compensation for hours worked in excess of forty (40) in a work week.

80. Defendant has violated, and continues to violate, Haw. Rev. Stat. § 387-3 by failing and refusing to compensate Dharia and members of the Proposed Class for their hours of work in excess of forty (40) hours per work week at a rate of not less than one and one-half times the regular rate at which the plaintiff and other Front Office line workers are employed by failing to include payments made to Dharia and members of the Proposed Class in addition to their hourly pay in defendant's calculation of their regular rate of pay used for the payment of overtime.

81. Defendant has failed to include various types of compensation paid to Dharia and members of the Proposed Class in addition to their hourly pay in the regular rates of pay for purposes of calculating overtime compensation for Dharia and members of the Proposed Class. These types of payments include, but are not limited to, incentive payments for meeting certain work-based metrics set by defendant, shift differentials for working certain shifts, relief supervisor payments, language specialist payments, special training pay, upselling incentive payments, and linger-longer incentive payments. These forms of compensation and similar types

of payments made to plaintiff and members of the Proposed Class are forms of compensation that must be included in the regular rate of pay at which overtime is paid under section 387-3 of the Hawaii Wage and Hour Law, Haw. Rev. Stat. § 387-3.

82. Dharia and the members of the Proposed Class are entitled to recover the unpaid balance of the full amount of the overtime wages, including interest thereon, and reasonable attorneys' fees and costs, under Section 387-12(c) of the Hawaii Revised Statutes.

83. Dharia and the members of the Proposed Class are entitled to recover an additional equal amount as liquidated damages pursuant to Section 387-12(b) of the Hawaii Revised Statutes as defendant's conduct was willful.

84. As a proximate result of the aforementioned violations, Dharia and the members of the Proposed Class have incurred damages in an amount according to proof at the time of trial, but in an amount in excess of the minimum jurisdiction of this Court.

## COUNT V

### FAILURE TO TIMELY PAY WAGES DUE, Haw. Rev. Stat. §§ 388-2, 388-5
### (By Plaintiff Against Defendant)

85. Plaintiff adopts, and incorporates by reference herein, paragraphs 1 through 84 of this Complaint.

86. At all times relevant herein, defendant violated Sections 388-2 and/or 388-5 of the Hawaii Revised Statutes and continues to violate those provisions by willfully and systemically failing to timely pay Dharia wages due by failing to properly calculate Dharia's regular rate of pay for purposes of paying overtime wages for hours worked in excess of forty (40) in a work week.

87. Dharia is entitled to recover the unpaid balance of the full amount of the unpaid wages, a penalty of a sum equal to the amount of unpaid wages, interest at a rate of six per cent

per year from the date that the wages were due, and reasonable attorneys' fees and costs under Sections 388-10 and 388-11 of the Hawaii Revised Statutes.

88. As a proximate cause of the aforementioned violations, Dharia has incurred damages in an amount according to proof at the time of trial, but in an amount in excess of the minimum jurisdiction of this Court.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court grant relief against the defendant as follows:

A. Enter a declaratory judgment that defendant has willfully and wrongfully violated its statutory, constitutional, and legal obligations to Dharia under the ADA, FLSA, and Hawaii Wage and Hour Law and deprived Dharia of his rights, privileges, protections, compensation, benefits, and entitlements under law, as alleged herein;

B. Order a complete and accurate accounting of all the compensation, benefits, and relief to which Dharia, those similarly situated, and members of the Proposed Class are entitled;

C. Award monetary damages to Dharia, those similarly situated, and members of the Proposed Class in the form of back pay, compensation, and other financial benefits of employment, plus interest;

D. Award compensatory and punitive damages for the harm to Dharia's reputation, humiliation, emotional and mental suffering, and for other financial and consequential harm and injuries he has suffered;

E. Award reasonable attorneys' fees and the costs and disbursements of this action; and

F. Grant other legal and equitable relief as may be just and proper.

DATED: Washington, DC, April 3, 2018

        /s/Sara L. Faulman_____
Gregory K. McGillivary
Sara L. Faulman
T. Reid Coploff

Attorneys for Plaintiff

DATED: Honolulu, HI, April 3, 2018.

        /s/ Christopher Ford_____
Sharon Lovejoy
Christopher Ford

Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

This is to certify that one true and accurate copy of Plaintiff Jatin Dharia's Second Amended Complaint, was served on the following counsel electronically through CM/ECF on this 3rd day of April, 2018:

>Eileen C. Zorc
>MARR JONES & WANG LLP
>1003 Bishop Stret
>Suite 1500
>Honolulu, HI  96813
>ezorc@marrjones.com

     /s/ Sara L. Faulman_____
    Sara L. Faulman
    Attorney for Plaintiff