IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JATIN DHARIA, | ) | CIVIL NO. 18-00008 HG-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | GRANT DEFENDANT MARRIOTT HOTEL |
| vs. | ) | SERVICES, INC. d/b/a WAIKIKI |
| | ) | BEACH MARRIOTT RESORT & SPA'S |
| MARRIOTT HOTEL SERVICES, INC. | ) | MOTION TO ENFORCE SETTLEMENT |
| d/b/a WAIKIKI BEACH MARRIOTT | ) | AGREEMENT |
| RESORT & SPA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT
MARRIOTT HOTEL SERVICES, INC. d/b/a WAIKIKI BEACH MARRIOTT
RESORT & SPA'S MOTION TO ENFORCE SETTLEMENT AGREEMENT[1]

Before the Court is Defendant Marriott Hotel Services, Inc. d/b/a Waikiki Beach Marriott Resort & Spa's Motion to Enforce Settlement Agreement ("Motion"). ECF No. 67. Defendant requests that the Court enforce a settlement agreement allegedly entered into between the parties following private mediation on October 4, 2018. Id. Plaintiff filed his Opposition to the Motion on April 1, 2019. ECF No. 78. Defendant filed its Reply on April 8, 2019. ECF No. 79. An evidentiary hearing on this matter was held on April 11, 2019, at 10:00 a.m. Sharon V. Lovejoy, Esq., T. Reid Coploff, Esq., by telephone, and Sara L.

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Faulman, Esq., by telephone, appeared on behalf of Plaintiff. Eileen C. Zorc, Esq. appeared on behalf of Defendant. Following the hearing, the Court directed the parties to submit supplemental declarations, which were filed on April 17, 2019, and April 24, 2019. ECF Nos. 85, 88. After careful consideration of the submissions of the parties, the arguments of counsel, and the record established in this action, the Court FINDS AND RECOMMENDS that Defendant's Motion be GRANTED.

FINDINGS OF FACT

Based on the evidence submitted by the parties, the Court makes the following findings of fact.

In this action, Plaintiff asserts individual claims for violation of the Americans with Disabilities Act ("ADA") and individual and collective claims under the Fair Labor Standards Act ("FLSA"). See ECF No. 1. The parties engaged in private mediation on October 4, 2018. See ECF No. 67-2, Decl. of Eileen C. Zorc, ¶ 2; ECF No. 78-1, Decl. of T. Reid Coploff, ¶ 3. The parties did not reach an agreement during the mediation session, but the mediator indicated that she would send a proposal to both parties and that both parties would have an opportunity to accept the proposal. Zorc Decl. ¶ 3; Coploff Decl. ¶ 4. The mediator emailed counsel for both parties on October 14, 2018, with a proposal. Zorc Decl. ¶ 4; Coploff Decl. ¶ 5. The proposal, excluding the specific dollar amounts, contained the following

"global settlement" terms:

- for the ADA claim, $[] to Mr. Dharia and $[] for attorney's fees and costs;

- for the [FLSA]/Wage class claim, $[] for qualified claimants and $[] for attorney's fees and costs; the time period covered by these payments for qualified claimants, shall be January 5, 2012 to January 4, 2018;

- Marriott shall pay for any medical or pension shortfall in Mr. Dharia's accounts caused by their failure to make payments while Mr. Dharia was not working;

- Marriott shall be responsible and pay for the claims administration of the [FLSA]/Wage class claim;

- Payment for the ADA settlement will be made no later than 30 days after execution of a settlement agreement that will be initially drafted by Marriott; and

- the settlement agreement shall include
    - confidentiality
    - non-disparagement
    - any other normal settlement provisions including releases and indemnifications.

\* \* \*

If BOTH of you agree to the terms above, I will let you know collectively that you have a settlement.  If <u>any one</u> of you indicates NO agreement, I will let you know collectively that you do not have a settlement.  I will not disclose any parties' position unless you BOTH respond 'yes.'

ECF No. 67-3 at 1-2.

The mediator then sent an email to counsel for both parties on October 18, 2018, with clarifications to her first email.  ECF No. 67-4.  The clarifications were as follows:

3

> The 'qualified claimants' to whom I referred included Supervisors and GSAs who did not get paid for 'linger longer' and 'upgrade' bonuses.
>
> * * *
>
> --- the settlement agreement for the ADA case, should also include 'no admissions re liability' by all parties
>
> ---in relation to the ADA case, the payments for pension and medical shortfalls should be ascertainable by Union records; this is not related to reimbursements to Mr. Dharia for payments he may have made via COBRA; this provision is related to Marriott's payments of pension and medical benefits for its employees, collected by the Union for its members; the pension and medical benefits for Mr. Dharia were not paid by Marriott during the time Mr. Dharia's return to work was being contested
>
> ---the FLSA/Wage claim is subject to the court's approval; the time period is corrected to include January 5, 2012 through the date of preliminary approval by the Court

Id. at 1-2. The Court refers to the original proposal and the clarifications collectively as the "Mediator's Proposal."

The mediator emailed counsel for the parties on October 22, 2018, stating the following:

> I am pleased to inform you that both of your clients have accepted the Mediator Proposal (with clarifications) and therefore, have reached a global settlement of the ADA and FLSA/Wage cases. Congratulations!
>
> As you both know, the Mediator Proposal laid out a skeleton for settlement. These cases will need much more elaboration in your settlement documents.
>
> Ms. Zorc, I am asking if you would take the

4

>  lead in preparing the ADA settlement agreement. Prior to doing that, please set out some of the details you intend to include, into an email communication directed to Mr. Coploff, no later than tomorrow, 10/22.
>
>  Mr. Coploff, I would ask that you handle the documents needed to move the federal class action forward to approval and settlement. Please send Ms. Zorc a summary of what you will be doing, by email no later than tomorrow, 10/22; your summary should include deadlines.

ECF No. 67-5.

The parties submitted multiple status reports to the Court following mediation. See ECF Nos. 59, 60, 61, 62, 64. These status reports were filed by Defendant's counsel on behalf of both parties, were signed by counsel for both parties, and Plaintiff does not dispute that the language in the status reports was agreed upon. See id.; Coploff Decl., ECF No. 78-1, ¶¶ 9-11. In the first status report, the parties stated:

>  The parties are pleased to report that, following the exchange of offers and counter-offers and with the assistance of the Mediator, the parties reached a settlement agreement resulting from good faith, arms-length negotiations that will fully resolve the claims of the named plaintiff, as well as the claims of the Rule 23 putative class/FLSA collective action members.

ECF No. 59. The first status report explains that "[b]ecause the lawsuit includes both wage and hour claims and [ADA] claims, the parties will execute two settlement agreements." Id. at 3. The status report states that the parties "anticipate being able to

5

execute a settlement agreement for the ADA claims within 30 days" and "will prepare and execute a settlement agreement and related papers for submission to the Court for review and approval" regarding the FLSA claims. Id. Regarding the FLSA claims, the parties stated that:

> as part of the settlement papers, the plaintiff will make an unopposed motion requesting that the Court enter an order preliminarily approving the parties' settlement agreement and proposed Rule 23 Class Notice, setting a final fairness hearing, appointing a Claims Administrator selected by the parties, preliminarily certifying the Rule 23 Class/FLSA collective action for purposes of settlement only, approving Jatin Dharia to serve as Class Representative, and approving Sara L. Faulman as Rule 23 Class Counsel. Plaintiff's unopposed motion will also explain why the settlement agreement is a fair, reasonable, and adequate resolution of the Fair Labor Standards Act claims.

Id. at 3-4.

As required by the mediator, counsel exchanged written drafts of the ADA and FLSA agreements. See ECF No. 85-1; ECF No. 88 ¶ 10. The parties exchanged proposed revisions to the ADA written agreement over the next two months. ECF Nos. 85-2, 85-3, 85-4, 85-5, 85-6, 85-7. Although Plaintiff's counsel provided a draft of the FLSA agreement to Defendant shortly after the parties agreed to the Mediator's Proposal, Defendant did not provide any response to Plaintiff regarding the draft FLSA agreement. See ECF No. 88 ¶ 10; ECF No. 85-8.

6

The parties' second status report to the Court states that they "have prepared and reviewed drafts of the two written settlement agreements and communicated regarding comments to the drafts" and "are continuing to work on finalizing those settlement agreements." ECF No. 60 at 1-2.

The parties' third status report states that they "are continuing to work on finalizing those [two] written settlement agreements." ECF No. 61 at 2-3.

The parties' fourth status report states "[o]n January 8, 2019, Plaintiff's counsel informed Defendant's counsel in a telephone conference that Plaintiff is taking the position that he is rescinding the agreement to settle." ECF No. 62 at 2. Defendant requested additional time to assess "this unexpected information" and to confer with Plaintiff "to see if this issue can be resolved without further litigation." Id. at 3.

The parties' final status report states that Defendant's counsel met with Plaintiff and Plaintiff's counsel "to discuss the settlement agreement and Plaintiff's position that he is rescinding the settlement agreement," and the parties were unable to resolve the issue. ECF No. 64 at 3. The present Motion followed.

LEGAL ANALYSIS

A district court has equitable powers to summarily enforce a settlement reached by the parties in a case pending

7

before it.  Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987).  A district court may only enforce complete settlement agreements. Callie, 829 F.2d at 890.  A complete settlement agreement requires agreement on all "*material* terms" and "the intent of the parties to bind themselves."  Id. at 891.  If material facts concerning the existence of an enforceable settlement agreement are in dispute, the parties must be allowed an evidentiary hearing.  Id. (citing Russell v. Puget Sound Tug & Barge Co., 737 F.2d 1510, 1511 (9th Cir. 1984)); see also Moran v. Guerreiro, 37 P.3d 603, 620 (Haw. Ct. App. 2001).  Such factual disputes include "[w]hether the parties *intended* only to be bound upon the execution of a written, signed agreement."  Callie, 829 F.3d at 890-91 (citations omitted).

Federal courts apply state contract law principles when enforcing settlement agreements.  O'Neil v. Bunge Corp., 365 F.3d 820, 822 (9th Cir. 2004).  To determine the validity of a settlement agreement, the court looks to the totality of the circumstances surrounding the making of the agreement.  Assocs. Fin. Servs. Co. of Haw., Inc. v. Mijo, 950 P.2d 1219, 1229 (Haw. 1998).  In order to be enforceable, a settlement agreement must have the traditional elements of a contract:  offer and acceptance, consideration, and parties who have the capacity and authority to enter into the agreement.  Amantiad v. Odum, 977 P.2d 160, 170 (Haw. 1999).  In addition, there must be mutual

8

assent or a meeting of the minds on all essential elements or terms.  <u>Douglass v. Pflueger Haw., Inc.</u>, 135 P.3d 129, 140 (Haw. 2006).  "The corollary to the foregoing rule is that where the parties contemplate further negotiations, no binding contract exists."  <u>Mednick v. Davey</u>, 959 P.2d 439, 447 (Haw. Ct. App. 1998).

Here, Defendant argues that a binding settlement agreement was created when the parties accepted the Mediator's Proposal.  Plaintiff argues that no settlement was reached because the parties did not execute final written settlement agreements.  Based on the evidence submitted by the parties, the Court finds that a binding contract exists between the parties.

"Whether the parties to an . . . informal agreement become bound prior to the drafting and execution of a contemplated formal writing is largely a question of intent, or, as is sometimes expressed, upon whether they intend the formal writing to be a condition precedent to the taking effect of the agreement."  <u>Mednick v. Davey</u>, 959 P.2d 439, 447 (Haw. Ct. App. 1998) (quoting 17A Am. Jur. 2d Contracts § 38 (1991)).  The existence of mutual assent is determined by an objective standard of reasonableness: a party's words or acts must show that he or she manifested an objective intention to agree.  <u>Earl M. Jorgensen Co. v. Mark Constr., Inc.</u>, 540 P.2d 978, 982 (Haw. 1975).  Unexpressed intentions are of no effect to ascertain the

legal relationship between the two parties.  Id. at 982.

To show mutual assent on all essential terms, Defendant relies on the Mediator's Proposal and the parties' status reports.  The Court finds that these documents evidence the parties' mutual assent on all essential settlement terms.  The Mediator's Proposal states that the terms are proposed "in order to achieve a **global settlement**."  ECF No. 67-3 at 1.  The email from the mediator after the parties had accepted the Proposal states that "both of your clients have accepted the Mediator Proposal (with clarifications) and therefore, have reached a global settlement of the ADA and FLSA/Wage cases."  ECF No. 67-5.  As detailed above, the Mediator's Proposal sets forth the terms for settlement including specific payment amounts in consideration for a release of all claims.  See ECF Nos. 67-3, 67-4.  The Mediator's Proposal states the consideration to be paid to Plaintiff, the consideration to be paid to class claimants, and the specific amounts to be paid for attorneys' fees and costs.  Id.  Plaintiff argues that the Mediator's Proposal did not include language regarding the scope of the waiver and release of Plaintiff's claims.  ECF No. 78-1, Coploff Decl., ¶ 8.  The Court disagrees.  The Mediator's Proposal expressly stated that the settlement included "normal settlement provisions including releases and indemnifications."  ECF No. 67-3 at 1.  The Court finds that the Meditor's Proposal reflects the

10

parties' mutual assent on all essential terms of settlement.

The parties were directed by the mediator to work together to finalize the written agreements, but this does not negate the finding of a binding contract. "A settlement agreement is not invalid because certain details are not worked out, where such details are not essential to the proposal and do not change its terms or purpose." Assocs. Fin. Servs. Co. of Haw. v. Mijo, 950 P.2d 1219, 1232 (Haw. 1998). Although the correspondence between counsel shows that the parties disagreed regarding certain details, those disagreements do not negate the fact that the parties had mutual assent on all essential terms of settlement for both the ADA and the FLSA claims as reflected in the Mediator's Proposal. See, e.g., Kaiaokamalie v. Matson Terminals, Inc., No. CV 13-00383 JMS-RLP, 2016 WL 7476336, at *4 (D. Haw. Dec. 29, 2016) (finding that a term sheet that reflected a specific payment amount in consideration for a release of all claims contained all the essential terms necessary to enforce the settlement of FLSA claims).

The Court finds that the parties' joint status reports also reflect the parties' mutual assent. The status report filed shortly after the parties' agreed to the Mediator's Proposal states that "the parties reached a settlement agreement resulting from good faith, arms-length negotiations that will fully resolve the claims of the named plaintiff, as well as the claims of the

11

Rule 23 putative class/FLSA collective action members." ECF No. 59.  The parties' mutual intention to settle was repeated in the additional status reports filed with the Court.  See ECF No. 60 (stating that the parties have prepared and reviewed drafts fo the final written agreements and anticipate executing those agreements within the next month); ECF No. 61 (stating that the parties are continuing to work on finalizing the written agreement and anticipate executing those agreements within the next month).  Plaintiff does not present any evidence that he expressed his intention that the settlement was "tentative" in writing or verbally to Defendant's counsel, to the mediator, or to the Court at any time.  As noted above, unexpressed intentions are of no effect.  Earl M. Jorgensen Co., 540 P.2d at 982.  It appears that Plaintiff's position prior to filing his Opposition was that he wanted to "rescind" the parties' enforceable settlement agreement.  In the parties' joint status reports filed on January 10 and 24, 2019, the parties represented to the Court that "Plaintiff is taking the position that he is rescinding the agreement to settle."  ECF No. 62 at 3; ECF No. 64 at 3.  That statement reflects Plaintiff's understanding that the parties had reached an enforceable agreement and that Plaintiff now wanted to rescind that agreement.  See Miller v. Manuel, 828 P.2d 286, 292 (Haw. Ct. App. 1991). ("Where the evidence in the record shows that all the essential elements of a contract are present, a

12

compromise agreement among the parties in litigation may be approved by the court and cannot be set aside except on grounds that would justify rescission."). None of the status reports state that the settlement was tentative or that it was Plaintiff's intention only to be bound after a written settlement agreement was executed.

Based on the evidence submitted by the parties, the Court FINDS that an enforceable settlement agreement exists between the parties. Accordingly, the Court RECOMMENDS that the district court GRANT Defendant's Motion and enforce the terms of the settlement as agreed to by the parties and reflected in the Mediator's Proposal as follows:

1. for the ADA claim, payment of the agreed upon amount to Plaintiff and payment of the agreed upon amount for Plaintiff's attorneys' for fees and costs;

2. for the FLSA claim, payment of the agreed upon amount for qualified claimants, which include Supervisors and Guest Services Agents who did not get paid for 'linger longer' and 'upgrade' bonuses, and payment of the agreed upon amount for Plaintiff's attorneys' for fees and costs;

3. the time period covered for qualified claimants shall be January 5, 2012, through the date of preliminary approval of the FLSA settlement by the court;

4. Defendant shall pay any medical or pension shortfall

13

in Plaintiff's accounts not paid by Defendant while Plaintiff's return to work was being contested, which can be ascertained from Union records, and shall provide an accounting of any shortfall from those Union records to Plaintiff;

  5. Defendant shall be responsible and pay for the claims administration of the FLSA class claim;

  6. Payment for the ADA settlement shall be made no later than 30 days after the district court acts on this Findings and Recommendation;

  7. Following payment for the ADA settlement, Plaintiff shall submit the appropriate documents dismissing his ADA claims to the court for approval;

  8. The parties are mutually required to keep the monetary details of settlement confidential, are mutually prohibited from disparaging the reputation or character of the other party, and are mutually required to indemnify the other party against any and all claims related to the settlement of this litigation; and

  9. The ADA settlement includes no admissions regarding liability by any party.

  Further, regarding the FLSA claim, the Court RECOMMENDS that the district court DIRECT the parties to file an unopposed motion for approval of the FLSA settlement as the parties' jointly represented to the Court in their multiple status

14

reports.

## CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that Defendant Marriott Hotel Services, Inc. d/b/a Waikiki Beach Marriott Resort & Spa's Motion to Enforce Settlement Agreement be GRANTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, MAY 3, 2019.



_____
Richard L. Puglisi
United States Magistrate Judge

**DHARIA V. MARRIOTT HOTEL SERVICES, INC., CIVIL NO. 18-00008 HG-RLP; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT MARRIOTT HOTEL SERVICES, INC. d/b/a WAIKIKI BEACH MARRIOTT RESORT & SPA'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**