IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JATIN DHARIA, | )     CV 18-00008 HG-WRP |
| | ) |
|       Plaintiff, | ) |
| | ) |
|     vs. | ) |
| | ) |
| MARRIOTT HOTEL SERVICES, INC. | ) |
| d/b/a WAIKIKI BEACH MARRIOTT | ) |
| RESORT & SPA, | ) |
| | ) |
|       Defendant. | ) |
| | ) |

**ORDER ADOPTING, AS MODIFIED, MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT MARRIOTT HOTEL
SERVICES, INC. d/b/a WAIKIKI BEACH MARRIOTT RESORT & SPA'S MOTION
TO ENFORCE SETTLEMENT AGREEMENT (ECF NO. 95)**

Plaintiff Jatin Dharia asserts two types of claims against
Defendant Marriott Hotel Services, Inc. d/b/a Waikiki Beach
Marriott Resort & Spa.  First, Plaintiff asserts unlawful
discrimination pursuant to the Americans with Disabilities Act
("ADA").  Second, Plaintiff asserts wage and hour claims on
behalf of all employees employed by Defendant pursuant to the
Fair Labor Standards Act ("FLSA").

On October 4, 2018, the Parties engaged in private mediation
in Honolulu, Hawaii.  The Parties agreed to the Mediator's
Proposal and indicated in their Joint Status Reports that they
have reached a settlement.  In their subsequent Joint Status
Report, the Parties stated that the Plaintiff rescinded his
agreement to settle.

On February 19, 2019, Defendant Marriott Hotel Services, Inc. d/b/a Waikiki Beach Marriott Resort & Spa filed a Motion to Enforce Settlement Agreement. (ECF No. 67).

On May 3, 2019, the Magistrate Judge entered a Findings and Recommendation to Grant Defendant's Motion to Enforce Settlement Agreement. (ECF No. 95).

Plaintiff Jatin Dharia objects to the Findings and Recommendation. (ECF No. 97).

The Court **ADOPTS** the Magistrate Judge's May 3, 2019 Findings and Recommendation (ECF No. 95) with one correction of a typographical error.

Plaintiff's Objections (ECF No. 97) are **DENIED.**

## PROCEDURAL HISTORY

On January 5, 2018, Plaintiff Jatin Dharia filed a Class Action Complaint for Damages and Declaratory and Other Relief. (ECF No. 1).

On March 16, 2018, Plaintiff filed a First Amended Complaint. (ECF No. 25).

On April 3, 2018, Plaintiff filed a Second Amended Complaint. (ECF No. 97).

On April 9, 2018, Plaintiff filed a MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE OF PUTATIVE PLAINTIFFS PURSUANT TO 29 U.S.C. § 216(b). (ECF No. 32).

On June 26, 2018, the Magistrate Judge issued Findings and Recommendation to Grant Plaintiff's Motion for Conditional Class Certification and Notice to Putative Plaintiffs Pursuant to 29 U.S.C. § 216(b). (ECF No. 50).

On July 26, 2018, the Court approved the Parties' Joint Stipulation to Stay All Deadlines Pending Mediation. (ECF No. 54).

On October 4, 2019, the Parties engaged in private mediation.

On October 25, 2018, November 28, 2018, December 21, 2018, and January 10, 2019, January 24, 2019, the Parties filed Joint Status Reports. (ECF Nos. 59, 60, 61, 62, 64).

On February 19, 2019, Defendant filed MOTION TO ENFORCE SETTLEMENT AGREEMENT. (ECF No. 67).

On April 1, 2019, Plaintiff filed his Opposition. (ECF No. 78).

On April 8, 2019, Defendant filed its Reply. (ECF No. 79).

On May 3, 2019, the Magistrate Judge entered a Findings and Recommendation to Grant Defendant's Motion to Enforce Settlement Agreement. (ECF No. 95).

On May 17, 2019, Plaintiff Jatin Dharia filed his OBJECTIONS TO THE MAGISTRATE JUDGE'S MAY 3, 2019 FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT. (ECF No. 97).

The Defendant did not file a response.

## STANDARD OF REVIEW

**Objections to a Magistrate Judge's Findings and Recommendation**

A magistrate judge may be assigned to prepare findings and recommendations for a district judge on a pretrial matter that is dispositive of a claim. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B). Any party may object to a magistrate judge's findings and recommendations, pursuant to United States District of Hawaii Local Rule 74.2.

If a party objects to the magistrate judge's findings or recommendations, the district court must review de novo those portions to which objection is made. United States v. Raddatz, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge, or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

De novo review means the district court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered. Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009). The district court must arrive at its own independent conclusion about those portions to which objections are made, but a de novo hearing is not required.

United States v. Remsing, 874 F.2d 614, 617–18 (9th Cir. 1989).

**BACKGROUND**

On October 4, 2018, the Parties engaged in private mediation. (Decl. of Eileen C. Zorc, ¶ 2, ECF No. 67-2; Decl. of T. Reid Coploff, ¶ 3, ECF No. 78-1). The mediator indicated that she would send a proposal to both Parties and both Parties would have an opportunity to accept or decline the proposal. (Zorc Decl. ¶ 3, ECF No. 67-2; Coploff Decl. ¶ 4, ECF No. 78-1). On October 14, 2018, the mediator emailed the Parties a proposal. (Zorc Decl. ¶ 4, ECF No. 67-2; Coploff Decl. ¶ 5, ECF No. 78-1). The proposal, excluding the specific dollar amounts, contained the following "global settlement" terms:

- for the ADA claim, $[] to Mr. Dharia and $[] for attorney's fees and costs;

- for the [FLSA]/Wage class claim, $[] for qualified claimants and $[] for attorney's fees and costs; the time period covered by these payments for qualified claimants, shall be January 5, 2012 to January 4, 2018;

- Marriott shall pay for any medical or pension shortfall in Mr. Dharia's accounts caused by their failure to make payments while Mr. Dharia was not working;

- Marriott shall be responsible and pay for the claims administration of the [FLSA]/Wage class claim;

- Payment for the ADA settlement will be made no later than 30 days after execution of a settlement agreement that will be initially drafted by Marriott; and

5

- the settlement agreement shall include

  - confidentiality
  - non-disparagement
  - any other normal settlement provisions
    including releases and indemnifications.

. . .

If BOTH of you agree to the terms above, I will let you
know collectively that you have a settlement. If any
one of you indicates NO agreement, I will let you know
collectively that you do not have a settlement. I will
not disclose any parties' position unless you BOTH
respond 'yes.'

(Mediator's Proposal at pp. 1-2, ECF No. 67-3). The

unredacted Mediator's Proposal contained the specific dollar

amounts for the claims and attorneys' fees.

On October 22, 2018, the mediator emailed counsel for the

Parties stating the following:

I am pleased to inform you that both of your clients
have accepted the Mediator Proposal (with
clarifications) and therefore, have reached a global
settlement of the ADA and FLSA/Wage cases.
Congratulations!

As you both know, the Mediator Proposal laid out a
skeleton for settlement. These cases will need much
more elaboration in your settlement documents.

Ms. Zorc, I am asking if you would take the lead in
preparing the ADA settlement agreement. Prior to doing
that, please set out some of the details you intend to
include, into an email communication directed to Mr.
Coploff, no later than tomorrow, 10/22.

Mr. Coploff, I would ask that you handle the documents
needed to move the federal class action forward to
approval and settlement. Please send Ms. Zorc a summary
of what you will be doing, by email no later than
tomorrow, 10/22; your summary should include deadlines.

(Email from Judge Riki Amano dated 10-22-18, ECF No. 67-5). Both
Parties accepted the Mediator's Proposal and the specific dollar
amounts as to each claim and attorneys' fees as proposed in the
Mediator's Proposal.

The Parties notified the Court of their settlement. In a
joint status report, the Parties stated:

> **The parties are pleased to report that, following the
> exchange of offers and counter-offers and with the
> assistance of the Mediator, the parties reached a
> settlement agreement resulting from good faith,
> arms-length negotiations that will fully resolve the
> claims of the named plaintiff, as well as the claims
> of the Rule 23 putative class/FLSA collective action
> members.**

(Joint Status Report dated 10-25-18 at p. 3, ECF No. 59)
(emphasis added). The Parties indicated that two settlement
agreements would be executed because the lawsuit includes both
wage and hour claims and ADA claims. (Id.)

The Parties stated the following regarding the two
settlement agreements:

> Because the lawsuit includes both wage and hour claims
> and Americans with Disabilities Act ("ADA") claims, the
> parties will execute two settlement agreements. The
> parties anticipate being able to execute a settlement
> agreement for the ADA claims within 30 days. Following
> payment of the settlement amounts for the ADA claims,
> the parties will dismiss the ADA claims with prejudice.
>
> In order to resolve the wage and hour claims, the
> parties will prepare and execute a settlement agreement
> and related papers for submission to the Court for
> review and approval. To date, a Rule 23 class action
> has not been certified in Hawaii. Therefore, as part of
> the settlement papers, the plaintiff will make an
> unopposed motion requesting that the Court enter an

7

order preliminarily approving the parties' settlement
agreement and proposed Rule 23 Class Notice, setting a
final fairness hearing, appointing a Claims
Administrator selected by the parties, preliminarily
certifying the Rule 23 Class/FLSA collective action for
purposes of settlement only, approving Jatin Dharia to
serve as Class Representative, and approving Sara L.
Faulman as Rule 23 Class Counsel. Plaintiff's unopposed
motion will also explain why the settlement agreement
is a fair, reasonable, and adequate resolution of the
Fair Labor Standards Act claims.

(Joint Status Report dated 10-25-18 at p. 3, ECF No.
59).

The Parties submitted further status reports to the Court.

(See Joint Status Reports, ECF Nos. 59, 60, 61, 62, 64). The

reports were filed by Defendant's counsel on behalf of both

Parties. Plaintiff concedes that he agreed to the language in

the status reports. (See id.; Coploff Decl. at ¶¶ 9-11, ECF No.

78-1).

Counsel exchanged written drafts of the ADA and FLSA

agreements. (Email from Eileen Zorc dated 10-29-18, ECF No.

85-1; Supplemental Decl. of Eileen C. Zorc at ¶ 10, ECF No. 88).

The Parties' second status report indicated that they have

reviewed drafts of the two written settlement agreements and are

continuing to work on finalizing them. (Joint Status Report

dated 11-28-18 at pp. 1-2, ECF No. 60).

The Parties' third status report states they are continuing

to finalize the written settlement agreements. (Joint Status

Report dated 12-20-18 at pp. 2-3, ECF No. 61).

The Parties' fourth status report states that Plaintiff's

counsel informed Defendant's counsel during a telephone conference that Plaintiff is rescinding the agreement to settle. (Joint Status Report dated 1-10-19 at p. 2, ECF No. 62). Defendant requested additional time to "see if this issue can be resolved without further litigation." (Id. at p. 3).

The Parties' final status report states that Defendant's counsel met with Plaintiff and Plaintiff's counsel to discuss the settlement agreement and the Parties were unable to resolve the issue. (Joint Status Report dated 1-24-19 at p. 3, ECF No. 64).

On February 19, 2019, Defendant filed MOTION TO ENFORCE SETTLEMENT AGREEMENT. (Motion to Enforce Settlement, ECF No. 67).

## **ANALYSIS**

A district court has equitable powers to summarily enforce a complete settlement agreement reached by the parties. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987). A complete settlement agreement requires agreement on all "material terms" and "the intent of the parties to bind themselves." Id. at 891.

Federal courts apply state contract law principles when enforcing settlement agreements. O'Neil v. Bunge Corp., 365 F.3d 820, 822 (9th Cir. 2004). To determine the validity of a settlement agreement, the court looks to the totality of circumstances surrounding the making of the agreement. Assocs. Fin. Servs. Co. of Haw., Inc. v. Mijo, 950 P.2d 1219, 1229 (Haw.

1998). A settlement agreement must have the traditional elements
of a contract: offer and acceptance, consideration, and parties
who have the capacity and authority to enter into the settlement
agreement. Amantiad v. Odum, 977 P.2d 160, 170 (Haw. 1999).
There must be mutual assent or a meeting of the minds on all
essential elements or terms of the contract. Earl M. Jorgensen
Co. v. Mark Constr., Inc., 540 P.2d 978, 982 (Haw. 1975).

The Magistrate Judge determined that a binding contract
exists between the Parties. (Findings and Recommendation at p. 9,
ECF No. 95).

Plaintiff objects to the Magistrate Judge's determination
that a binding contract exists. Plaintiff argues that the
Parties had not come to an agreement of an essential term: the
scope of the waiver and release.

Plaintiff also argues that an enforceable agreement does not
exist because the Parties did not physically sign a final
settlement agreement.

**The Parties Agreed to All Essential Elements**

Pursuant to Hawaii law, a settlement agreement requires an
offer and acceptance, consideration, and parties who have the
capacity and authority to enter into the agreement. Amantiad,
977 P.2d at 170. "Whether the parties to an . . . informal
agreement become bound prior to the drafting and execution of a

10

contemplated formal writing is largely a question of intent, or, as is sometimes expressed, upon whether they intend the formal writing to be a condition precedent to the taking effect of the agreement." Mednick v. Davey, 959 P.2d 439, 447 (Haw. Ct. App. 1998) (quoting 17A Am. Jur. 2d Contracts § 38 (1991)). Mutual assent is determined by an objective standard of reasonableness, whether a party's words or actions show that he or she manifested an objective intention to agree. Earl M. Jorgensen Co., 540 P.2d at 982.

The record indicates the Parties mutually assented to all essential terms of the settlement.

**First**, the Mediator's Proposal provides that the terms are prepared in "in order to achieve a **global settlement**." (Mediator's Proposal at p. 1, ECF No. 67-3). The Mediator's Proposal states that the settlement agreement will include "any other normal settlement provisions including releases and indemnifications." (Id.)

**Second**, the parties assented to the terms of the Mediator's Proposal. Both counsel for Plaintiff and Defendant communicated their assent to the Mediator's Proposal. (Email from Judge Riki Amano dated 10-22-18, ECF No. 67-5). The mediator concluded that "both of your clients have accepted the Mediator Proposal (with clarifications) and therefore, have reached a global settlement of the ADA and FLSA/Wage cases." (Id.) The Parties agreed to

11

the terms for settlement including **specific amounts to be paid in exchange for a release of all claims**. (<u>See</u> Mediator's Proposal, ECF No. 67-3; Clarifications to Mediator's Proposal, ECF No. 67-4; Email from Judge Amano dated 10-22-18, ECF No. 67-5). The Parties agreed to the consideration to be paid to Plaintiff and class claimants. (<u>Id.</u>) The Parties agreed to the specific amount for attorneys' fees and costs. (<u>Id.</u>)

The Parties also agreed to the standard settlement provisions including releases and indemnifications as part of the Mediator's Proposal. The Mediator Proposal stated that the settlement agreement shall include "any other normal settlement provisions including releases and indemnifications." (Mediator's Proposal, ECF No. 67-3). The Parties accepted the Mediator's Proposal. No party indicated that they required further negotiations as to the scope of releases and indemnifications.

Plaintiff now objects to the settlement. He argues that the Parties did not yet agree to the scope of waiver and release and that their failure to agree on this issue renders the settlement incomplete.

Federal district courts apply state contract law principles when enforcing settlement agreements. <u>O'Neil</u>, 365 F.3d at 822. Pursuant to Hawaii state law, a court may enforce a settlement agreement if the parties have agreed to the essential terms. Plaintiff does not provide any binding case showing that waiver

12

and release is an essential term to a contract pursuant to Hawaii law.

### The Date of the Settlement

On October 25, 2018, the Parties notified the Court in writing that they had mutually assented to the essential terms of the settlement agreement and agreed to the standard release and indemnification provisions. "A settlement agreement is not invalid because certain details are not worked out, where such details are not essential to the proposal and do not change its terms of purpose." Assocs. Fin. Servs. Co. of Haw., Inc. v. Mijo, 950 P.2d 1219, 1232 (Haw. 1998).

Pursuant to Hawaii state law, the record reflects the parties' mutual assent on all essential terms of settlement. In accepting the Mediator's Proposal, each party assented to all essential terms of the contract and accepted the standard releases and indemnification provisions. The record supports the Magistrate Judge's conclusion that a binding contract exists.

The Parties' multiple joint status reports also support the Magistrate Judge's conclusions. Plaintiff never objected to the settlement agreement in the joint status reports prior to date.

On October 25, 2018, the parties filed their first Joint Status Report which stated that the Parties "following the exchange of offers and counter-offers and with the assistance of the Mediator, the **parties reached a settlement agreement**

resulting from good faith, arms-length negotiations that will fully resolve the claims of the name plaintiff, as well as the claims of the Rule 23 putative class/FLSA collective action members." (Joint Status Report dated 10-25-18 at p. 3, ECF No. 59). The Parties' multiple joint status reports do not indicate that the agreement was tentative or that it was the plaintiff's position that he would only be bound after further negotiation. Earl M. Jorgensen Co., 540 P.2d at 982 (explaining a party's unexpressed intentions are of no effect).

The Magistrate Judge properly determined that an enforceable settlement agreement exists between the Parties.

Plaintiff also objects to the Magistrate Judge's determination, arguing that a final contract was not physically signed and executed. "[P]arties may become bound by the terms of a contract, even though they do not sign it, where their assent is otherwise indicated." Credit Assocs. of Maui, Ltd. v. Carlbom, 50 P.3d 431, 437-38 (Haw. Ct. App. 2002) (quoting 17A Am. Jur. 2d Contracts § 185 (1991)). Counsel for both Parties indicated their agreement to the Mediator's Proposal and the Mediator stated that both Parties agreed to the terms of the global settlement. The Magistrate Judge properly determined that a binding contract exists.

The Findings and Recommendation to Grant Defendant's Motion to Enforce Settlement Agreement (ECF No. 95) is **ADOPTED, AS**

**MODIFIED.**

The District Court's only modification of the Magistrate Judge's Findings and Recommendation (ECF No. 95) is a replacement of "fo" in line 4 on page 12 with "of."

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 74.2, the "Findings and Recommendation to Grant Defendant's Motion to Enforce Settlement Agreement" (ECF No. 95) is **ADOPTED, AS MODIFIED, AS THE OPINION AND ORDER OF THIS COURT.**

The Court modified line 4 on page 12 of the Magistrate Judge's Findings and Recommendation (ECF No. 95) and replaces "fo" with "of."

Plaintiff Jatin Dharia Objections to the Magistrate Judge's May 3, 2019 Findings and Recommendation to Grant Defendant's Motion to Enforce Settlement Agreement (ECF No. 97) are **DENIED.**

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 28, 2019.

Helen Gillmor
United States District Judge

Jatin Dharia v. Marriott Hotel Services, Inc. d/b/a Waikiki Beach Marriott Resort & Spa, Civ. No. 18-00008 HG-WRP, **ORDER ADOPTING, AS MODIFIED, MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT MARRIOTT HOTEL SERVICES, INC. d/b/a WAIKIKI BEACH MARRIOTT RESORT & SPA'S MOTION TO ENFORCE SETTLEMENT AGREEMENT (ECF No. 95)**