IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

JATIN DHARIA,               )   CIV. NO. 18-00008 HG-WRP
)
        Plaintiff,   )
)
    vs.          )
)
MARRIOTT HOTEL SERVICES, INC., )
doing business as Waikiki Beach)
Marriott Resort & Spa,    )
)
        Defendant.   )
)
_____)

**ORDER DENYING DEFENDANT'S MOTION RE PROCEDURE FOR RESOLUTION OF WAGE AND HOUR CLAIMS AND TO REQUEST A STATUS CONFERENCE OR, IN THE ALTERNATIVE, STATEMENT FROM PLAINTIFF (ECF No. 111)**

**and**

**DISMISSING ALL REMAINING CLAIMS FOR FAILURE TO PROSECUTE PURSUANT TO FED. R. CIV. P. 41(b)**

## BACKGROUND/PROCEDURAL HISTORY

**PLAINTIFF'S AMENDED COMPLAINTS**

On January 5, 2018, Plaintiff Jatin Dharia, with the assistance of counsel, filed a Putative Class Action Complaint for Damages and Declaratory and Other Relief. (ECF No. 1).

On February 27, 2018, Defendant Marriott Hotel Services, Inc., doing business as Waikiki Beach Marriott Resort & Spa, filed a Motion for Partial Dismissal of Plaintiff's Complaint. (ECF No. 19). Defendant asserted that Plaintiff failed to provide sufficient allegations to state a claim on behalf of a class. (Id. at pp. 6-8).

1

On March 16, 2018, Plaintiff filed a First Amended Complaint. (ECF No. 25). Plaintiff included additional facts in support of his claims on behalf of a putative class in order to address the Defendant's Motion for Partial Dismissal.

On March 21, 2018, the Court held a Status Conference. (ECF No. 29). At the Status Conference, Defendant withdrew its Motion for Partial Dismissal in light of the filing of Plaintiff's First Amended Complaint. The Parties met and conferred about the putative class claims. The Parties agreed that Plaintiff was permitted leave to amend until April 5, 2018, for Plaintiff to file a Second Amended Complaint in order to allow Plaintiff another opportunity to properly plead his putative class action claims. (Id.)

On March 29, 2018, the Magistrate Judge issued the PARTIES' JOINT STIPULATION REGARDING LITIGATION DEADLINES. (ECF No. 30). In the Stipulation, the Parties agreed that Plaintiff's Second Amended Complaint would be filed by April 5, 2018, and that Defendant did not object to the scope of the potential class proposed by the Plaintiff. (Id. at p. 2).

In the Stipulation, Plaintiff stated that he intended to file the Motion for Class Action Certification by June 8, 2018. (Id. at 3.)

On April 3, 2018, Plaintiff filed a Second Amended Complaint. (ECF No. 31).

Plaintiff's Second Amended Complaint asserted two types of

claims against Defendant Marriott Hotel Services, Inc. d/b/a
Waikiki Beach Marriott Resort & Spa:

First, Plaintiff asserted individual unlawful discrimination
claims pursuant to the Americans with Disabilities Act ("ADA").

Second, Plaintiff asserted putative class action wage and
hour claims on behalf of all employees employed by Defendant
pursuant to the Fair Labor Standards Act ("FLSA") and Hawaii
state law.  Plaintiff brought these claims on behalf of "Line
worker positions in the Front Office" that included "Guest
Services Agents, employees who work Rooms Control, and Guest
Services Task.  These line workers are employed in hourly paid
positions and their job tasks include interacting with the
hotel's customers and/or selling hotel customers additional
services."  (Id. at ¶ 39).  Plaintiff defined a Proposed Class of
Front Office line worker positions as being from January 5, 2012
to present who were eligible to receive incentive payments.  (Id.
at ¶ 48).  Plaintiff estimated the Proposed Class consisted of
several hundred members.  (Id. at ¶ 49).

## PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND DEADLINE TO FILE MOTION FOR CLASS ACTION CERTIFICATION

On April 9, 2018, Plaintiff filed a MOTION FOR CONDITIONAL
CERTIFICATION AND NOTICE TO PUTATIVE PLAINTIFFS PURSUANT TO 29
U.S.C. § 216(b). (ECF No. 32).  Plaintiff sought permission to
notify Proposed Class members of the lawsuit.

On April 27, 2018, Defendant filed its OPPOSITION TO

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE TO PUTATIVE PLAINTIFFS PURSUANT TO 29 U.S.C. § 216(b). (ECF No. 37). Defendant asserted that Plaintiff failed to meet his burden for Court-supervised notice because he had not demonstrated that the Proposed Class members were similarly situated to him. (Id. at p. 11).

On May 11, 2018, Plaintiff filed a Reply. (ECF No. 38).

On May 24, 2018, Defendant filed a Sur-Reply. (ECF Nos. 42-1, 43).

On June 6, 2018, Plaintiff filed his Response to the Sur-Reply with additional Declarations to support his Motion for Court-supervised notice to the Proposed Class members. (ECF No. 47).

On June 13, 2018, the Magistrate Judge issued the PARTIES' STIPULATION REGARDING DEADLINE FOR PLAINTIFF TO FILE MOTION FOR CLASS ACTION CERTIFICATION. (ECF No. 49). Pursuant to the Stipulation, the Magistrate Judge set a deadline for Plaintiff to file his Motion for Class Action Certification by July 18, 2018, or 14 days following the District Court's ruling on his Motion for Conditional Certification, whichever is earlier. (Id.)

On June 26, 2018, the Magistrate Judge issued Findings and Recommendation to Grant Plaintiff's Motion for Conditional Class Certification and Notice to Putative Plaintiffs Pursuant to 29 U.S.C. § 216(b). (ECF No. 50).

The Magistrate Judge ruled that Plaintiff met his burden to

permit Court-supervised notice to the Proposed Class. (Id. at p. 8). The Magistrate Judge ordered Defendant to provide the names of the Proposed Class members to Plaintiff within 20 days of the District Court's review of the Findings and Recommendation and Ordered Plaintiff's counsel to "expeditiously mail and email a copy of the Notice to all prospective class members." (Id.)

Plaintiff's Motion for Class Certification was due by July 18, 2018.

**PARTIES' ENGAGEMENT IN PRIVATE MEDIATION**

On July 13, 2018, the Parties informed the Magistrate Judge that they were seeking a stay of all deadlines because the Parties were engaging in mediation. (ECF No. 52). The Parties specifically sought an extension of the deadline for Plaintiff to file his Motion For Class Action Certification. (Id.) The Magistrate Judge informed the Parties that they should file a Joint Stipulation. (Id.)

On July 16, 2018, the Magistrate Judge approved the PARTIES' STIPULATION REGARDING DEADLINE FOR PLAINTIFF TO FILE MOTION FOR CLASS ACTION CERTIFICATION. (ECF No. 53). The Parties' stipulation extended the deadline for filing the Motion for Class Action Certification to August 17, 2018. (Id. at p. 2).

On July 26, 2018, the Magistrate Judge approved the Parties' Joint Stipulation to Stay All Deadlines Pending Mediation. (ECF No. 54). The Parties agreed to participate in a private

mediation before (Ret.) Judge Riki May Amano on October 4, 2018, in an effort to resolve all of the claims in the lawsuit. Pursuant to the Parties' agreement to engage in mediation, all deadlines were stayed pending the October 4, 2018 mediation. (Id.)  The Parties were ordered to inform the Court if mediation was successful by October 11, 2018.  (Id. at p. 4).  The Parties agreed that if mediation was not successful, Plaintiff's Motion for Class Action Certification was due by October 18, 2018. (Id.)

On October 4, 2018, the Parties engaged in private mediation.  At the end of the mediation session, Judge Amano indicated that she would submit a settlement proposal to the Parties for their consideration.  (Declaration of Eileen C. Zorc ("Zorc Decl.") at ¶ 3, attached to Motion to Enforce Settlement, ECF No. 67-2).

On October 9, 2018, the Magistrate Judge issued a JOINT STIPULATION TO CONTINUE DEADLINES TO SUBMIT JOINT NOTIFICATION OF THE OUTCOME OF MEDIATION AND FOR PLAINTIFF TO FILE HIS MOTION FOR CLASS ACTION CERTIFICATION AND ORDER.  (ECF No. 58).  The deadline for Plaintiff to file the Motion For Class Action Certification was extended to November 1, 2018.  (Id.)  The Parties were ordered to file a Joint Status Report by October 25, 2018.  (Id.)

**THE PARTIES' SETTLEMENT CONTINUED THE DEADLINE FOR PLAINTIFF'S MOTION FOR CLASS ACTION CERTIFICATION**

On October 14, 2018, Judge Amano emailed the Parties a Mediator's Proposal. (Proposal, attached as Ex. A to Motion to Enforce Settlement, ECF No. 67-3).

On October 18, 2018, Judge Amano emailed the clarifications of the Proposal. (Proposal Clarifications, attached as Ex. B to Motion to Enforce Settlement, ECF No. 67-4).

On October 22, 2018, Judge Amano emailed the Parties to inform them that the Parties had each accepted the Mediator's Proposal as Clarified, and had reached a Settlement Agreement. (Settlement Email, attached as Ex. C to Motion to Enforce Settlement, ECF No. 67-5).

On October 25, 2018, the Parties informed the Court in a Joint Status Report that the Parties reached a settlement agreement "that will fully resolve the claims of the named plaintiff, as well as the claims of the Rule 23 putative class/FLSA collective action members." (ECF No. 59). The Parties stated that they would "submit their signed settlement agreement, as well as the plaintiff's unopposed motion for preliminary approval and preliminary certification of the Rule 23 class/FLSA collective action by no later than November 28, 2018." (Id. at p. 4).

On November 28, 2018, the Parties filed another Joint Status Report requesting additional time to finalize the settlement and

to file the Motion for Class Certification until December 21, 2018, which was granted.  (ECF No. 60).

On December 21, 2018, the Parties again requested additional time to finalize the settlement, and to file the Motion for Class Certification, until January 14, 2019.  (ECF No. 61).  The Magistrate Judge granted the request.  (Id.)

**PLAINTIFF DHARIA'S REFUSAL TO COMPLY WITH SETTLEMENT AGREEMENT**

On January 8, 2019, Plaintiff's counsel informed Defendant's counsel that circumstances have changed and that Plaintiff Dharia "is taking the position that he is rescinding the agreement to settle."  (ECF No. 62 at p. 3).

On January 10, 2019, the Parties filed a Joint Status Report informing the Court of Plaintiff Dharia's position that he refused to comply with the settlement.  (ECF No. 62).  The filing asked for additional time for Plaintiff's counsel to confer with their client.  (Id.)  Plaintiff's attorneys did not seek a continuance of the January 14, 2019 deadline for Plaintiff to file the Motion for Class Action Certification.  (Id.)  Defendant requested a stay of all other deadlines to be continued at a later date if necessary.  (Id.)

On January 22, 2019, a meeting was held with both Plaintiff's and Defendant's counsel and Plaintiff Dharia.  They discussed Plaintiff's position that "he is rescinding the settlement agreement."  (ECF No. 64 at p. 3).  Plaintiff

explained that he was rescinding his agreement to the settlement because "he wanted to be paid more for settlement of his disability discrimination claims." (Zorc Decl. at ¶ 11, ECF No. 67-2).

On January 24, 2019, the Parties filed a Joint Status Report, indicating that Defendant wishes to file a Motion to Enforce the Settlement Agreement. (ECF No. 64).

Plaintiff Dharia continued to refuse to comply with the terms of the settlement.

**DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND PLAINTIFF'S COUNSELS' MOTION TO WITHDRAW**

On February 19, 2019, Defendant filed a MOTION TO ENFORCE SETTLEMENT AGREEMENT. (ECF No. 67).

On February 26, 2019, Plaintiff's counsel filed a MOTION TO WITHDRAW AS COUNSEL OF RECORD. (ECF No. 70). Plaintiff's counsel stated that there was a breakdown in the attorney-client relationship. (ECF No. 70-1 at p. 6). The Magistrate Judge stated that he would review the Motion following adjudication of the Motion to Enforce Settlement Agreement. (ECF No. 77).

On May 3, 2019, the Magistrate Judge entered a Findings and Recommendation to Grant Defendant's Motion to Enforce Settlement Agreement. (ECF No. 95).

On June 28, 2019, the District Court issued an ORDER ADOPTING, AS MODIFIED, MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT MARRIOTT HOTEL SERVICES, INC.

d/b/a WAIKIKI BEACH MARRIOT RESORT & SPA'S MOTION TO ENFORCE
SETTLEMENT AGREEMENT (ECF No. 98).

**PLAINTIFF'S REFUSAL TO COMPLY WITH THE COURT'S ORDERS AND THE
BINDING SETTLEMENT AGREEMENT**

Despite the Court's orders requiring Plaintiff to comply
with the terms of the binding, enforceable settlement agreement,
Plaintiff ignored the Court and refused to comply with the
settlement agreement.

On July 1, 2019, the Magistrate Judge issued an ORDER
GRANTING MOTION OF PLAINTIFF'S COUNSEL TO WITHDRAW AS COUNSEL OF
RECORD.  (ECF No. 99).  The Magistrate Judge granted Plaintiff's
counsel's Motion to Withdraw as Plaintiff Dharia's counsel after
the District Court ruled that the settlement agreement was
binding and enforceable.  Plaintiff's counsel no longer sought to
represent Plaintiff or pursue any claims on his behalf.
Plaintiff's counsel was withdrawn from the case as of July 1,
2019.

It is a year and five months since the Parties' October 22,
2018 settlement reached before Judge Amano.  The deadline of
January 14, 2019 (ECF No. 61) for Plaintiff to file the Motion to
Certify Class Action was fourteen months ago.

Plaintiff Dharia did not secure new counsel or file any
pleadings pro se.  No action has been taken by Plaintiff to seek
class certification, to reopen or to continue any deadlines, or
to proceed on any of his causes of action.  Plaintiff did not

engage in discovery and he did not file any motions.

**DEFENDANT'S MOTION TO DISMISS ADA CLAIMS**

Plaintiff refused to accept payment for his settled ADA claims pursuant to the Magistrate Judge's May 3, 2019 Findings and Recommendation To Grant Defendant's Motion To Enforce Settlement Agreement (ECF No. 95) and the District Court's June 28, 2019 Order Adopting, as Modified, The Magistrate Judge's Findings and Recommendation. (ECF No. 98).

Defendant's attorney made numerous efforts to provide payment to Plaintiff. On July 24, 2019, Defendant's counsel met with Plaintiff Dharia and presented him the payments owed for his ADA claims pursuant to the settlement agreement. (Declaration of Eileen C. Zorc, attached to Def.'s Motion to Dismiss Settled ADA Claims at ¶ 5, ECF No. 100-2). Plaintiff refused to accept payment and refused to sign a stipulation to dismiss the ADA claims. (Id. at ¶ 6).

Defendant's counsel repeatedly emailed, called, and wrote to Plaintiff urging him to comply with the settlement agreement and accept payment between August 2019 and November 2019. (Id. at ¶¶ 6-18). Plaintiff refused to comply with the Court's orders and the settlement agreement.

On January 22, 2020, Defendant filed DEFENDANT MARRIOTT HOTEL SERVICES, INC. d/b/a/ WAIKIKI BEACH MARRIOTT RESORT & SPA'S MOTION TO DISMISS SETTLED ADA CLAIMS UNDER RULE 41(b). (ECF No.

100).

On January 28, 2020, the Court issued a briefing schedule and hearing date on the Motion. (ECF No. 106).

Plaintiff was ordered to file his response on or before February 18, 2020, prior to the hearing scheduled for February 25, 2020. (Id.)

Plaintiff, proceeding pro se, did not file a written response.

On February 25, 2020, the Court held the hearing. (ECF No. 107). Plaintiff appeared pro se at the hearing. After discussion, Plaintiff indicated that he would now agree to accept payment for his individual ADA claims pursuant to the Parties' settlement agreement. Plaintiff indicated that he still had not retained counsel and did not have a plan as to how to move forward with the remaining putative class action wage and hour claims.

Following the hearing, Plaintiff accepted the payment rendered by Defendant for his ADA claims.

**DEFENDANT'S MOTION RE: REMAINING CLASS ACTION CLAIMS**

On March 13, 2020, the Court issued an ORDER GRANTING DEFENDANT MARRIOTT HOTEL SERVICES, INC. d/b/a/ WAIKIKI BEACH MARRIOTT RESORT & SPA'S MOTION TO DISMISS SETTLED ADA CLAIMS UNDER RULE 41(b). (ECF No. 110).

On March 16, 2020, Defendant filed DEFENDANT'S MOTION RE

PROCEDURE FOR RESOLUTION OF WAGE AND HOUR CLAIMS AND TO REQUEST A STATUS CONFERENCE OR, IN THE ALTERNATIVE, STATEMENT FROM PLAINTIFF. (ECF No. 111). Defendant requests that this Court hold another hearing as to the pro se Plaintiff's putative class action wage and hour claims, which he has not pursued.

The Motion for Class Action Certification was due January 14, 2019. More than a year later, no Motion for Class Action Certification as been filed. Plaintiff has taken no steps to pursue the remaining putative class action claims with any diligence. Plaintiff is unable to pursue the class action claims pro se and has consistently failed to comply with Court orders.

Plaintiff still has not retained counsel to pursue the class action claims nine months after his previous counsel withdrew from the litigation.

DEFENDANT'S MOTION RE PROCEDURE FOR RESOLUTION OF WAGE AND HOUR CLAIMS AND TO REQUEST A STATUS CONFERENCE OR, IN THE ALTERNATIVE, STATEMENT FROM PLAINTIFF (ECF No. 111) is **DENIED.**

All remaining claims in the action are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is **DIRECTED** to **CLOSE THE CASE.**

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) provides that if the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any

claim against it. Fed. R. Civ. P. 41(b).

It is well settled, however, that the District Court has the "inherent power" to dismiss an action pursuant to Rule 41(b) due to a plaintiff's failure to prosecute or comply with a court order. Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Henderson v. Duncan, 779 F.2d 1421, 1425 (9th Cir. 1986).

## ANALYSIS

District Courts have wide discretion in determining whether to dismiss a case or claims pursuant to Fed. R. Civ. P. 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976).

In evaluating whether to dismiss an action for failure to prosecute or failure to comply with a Court order pursuant to Fed. R. Civ. P. 41(b), the District Court considers five factors:

(1)  the public's interest in expeditious resolution of litigation;

(2)  the court's need to manage its docket;

(3)  the risk of prejudice to the defendant;

(4)  the public policy favoring disposition of cases on their merits; and,

(5)  the availability of less drastic sanctions.

Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984).

### 1.  Expeditious Resolution Of The Litigation

A court may dismiss a case for failure to comply with a court's order or for lack of prosecution where the plaintiff has

unreasonably delayed proceedings.  <u>In re Eisen</u>, 31 F.3d 1447, 1451 (9th Cir. 1994).

Plaintiff initiated this action more than two years ago in January 2018.  With the assistance of counsel, Plaintiff settled his claims before a private mediator on October 22, 2018. Plaintiff Dharia refused to comply with the settlement agreement. Plaintiff's counsel was provided with months of deadline extensions in order to confer with their client about his compliance with the settlement agreement, and he continued to refuse to comply.

In February 2019, Defendant sought to enforce the settlement agreement.  The Court utilized its resources to review Defendant's motion and the Parties' settlement agreement.  The Court determined there was an enforceable settlement agreement, and it ordered Plaintiff to comply with the terms of the settlement agreement.

Plaintiff ignored the Court's June 2019 Order requiring him to comply with the settlement.  Defendant's counsel attempted to provide Plaintiff with payment for the settlement numerous times between June 2019 and November 2019.  Plaintiff refused to accept payment.

Plaintiff took no other action.  The many attempts by Defendant's counsel to provide the Plaintiff with the settlement payments for the ADA claims were ignored.  He did not secure other counsel or otherwise attempt to prosecute his claims.

Plaintiff was required to file the Motion for Class Action Certification by January 14, 2019 (ECF No. 61). No motion has ever been filed.

Plaintiff's failure to take action for more than a year is a sufficient basis to dismiss a case pursuant to Fed. R. Civ. P. 41(b). Baeza v. Baca, 700 Fed. Appx. 657, 658 (9th Cir. 2017) (explaining that the Ninth Circuit Court of Appeals has affirmed a dismissal for failure to prosecute after the plaintiff failed to take action for nine months, citing Alexander v. Pac. Mar. Ass'n, 434 F.2d 281, 283-84 (9th Cir. 1970)).

The public's interest in expeditious resolution favors dismissal pursuant to Fed. R. Civ. P. 41(b). Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

**2. Court's Need To Manage Its Docket**

District courts have inherent power to control their dockets. In the exercise of that power, the trial courts may impose sanctions, including dismissal for failure to comply with court orders or failure to timely prosecute claims. Thompson v. Hous. Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986). It is "incumbent" upon courts to manage their dockets without being subject to routine noncompliance of litigants. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

Dismissing the remaining putative class action claims will prevent substantial further delay in this case. Plaintiff has

not retained new counsel and is unable to pursue claims on behalf of others.  It is well established that the privilege to represent oneself pro se provided by 28 U.S.C. § 1654 is personal to the litigant and does not extend to a putative class, other parties, or other entities.  <u>Joseph v. Amazon.com, Inc.</u>, 46 F.Supp.3d 1095, 1101 (W.D. Wash. 2014) (citing <u>Simon v. Hartford Life, Inc.</u>, 546 F.3d 661, 663 (9th Cir. 2008)).

Defendant's attorney's Motion indicates that she has been in contact with Plaintiff's former counsel.  The Motion states that Plaintiff reached out to his former counsel and that they would seek to appear in the case "for the sole purpose of finalizing the settlement of the federal and state wage and hour claims asserted in the case and seeking the Court's approval of the agreement on those claims."  (Motion at p. 3, ECF No. 111).  The Motion also states, however, that there are questions as to whether Plaintiff intends to cooperate as he believes the settlement agreement is not enforceable.

Plaintiff's former counsel may not appear for a limited purpose.  They withdrew from the case in July 2019.  They have not filed a Motion seeking to appear on behalf of the Plaintiff or on behalf of any other named plaintiff seeking to represent the putative class.

Plaintiff's former counsel are well aware that the Motion for Class Action Certification was required to be filed by January 14, 2019, prior to their withdrawal.  (ECF No. 61).  No

Motion was filed.

As Defendant's Motion explains, the remaining putative class action claims would require substantial further litigation. There are questions as to whether Plaintiff is even seeking to participate in the case as to the remaining claims. There has never been a Motion for Class Action Certification filed pursuant to Fed. R. Civ. P. 23 since the filing of the case on January 5, 2018. There has been no approval of the settlement by the District Court as to the wage and hour claims. Notice would be required to be sent to the putative class, along with a fairness hearing, appointment of a claims administrator, and appointment of class counsel. None of which may be accomplished by a pro se Plaintiff, not to mention a pro se Plaintiff who has failed to prosecute his claims and refused to comply with Court orders.

It is not the responsibility of the Court to litigate Plaintiff's claims on his behalf. It is Plaintiff's responsibility to move his action toward disposition at a reasonable pace and he has failed to do so. Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). It is the Court's responsibility to manage its Docket. Dismissal of the remaining claims pursuant to Fed. R. Civ. P. 41(b) is necessary in order to manage the Court's Docket. Hunter v. Sandoval, 2018 WL 6570870, *2 (C.D. Cal. Dec. 12, 2018).

### 3.    Risk Of Prejudice To Defendant

The Ninth Circuit Court of Appeals has explained that the law presumes injury from unreasonable delay even in the absence of actual prejudice.  In re Eisen, 31 F.3d at 1453.  Whether prejudice is sufficient to support an order of dismissal is judged, in part, on plaintiff's excuse for failing to comply with the Court's orders or failing to timely prosecute the case. Malone v. U.S. Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987).

Plaintiff has no credible reason for failing to timely prosecute the case.  Plaintiff did not agree with the Court's orders and chose not to comply with them.  Plaintiff has also missed filing deadlines and failed to communicate with counsel and the Court.

Plaintiff's actions and delay have resulted in prejudice to Defendant.  Pagtalunan, 291 F.3d at 642.

### 4.    The Public Policy Favoring Disposition On The Merits

Public policy favors disposition of cases on the merits and weighs against involuntary dismissal.  Morris, 942 F.2d at 652. This factor nearly always weighs in favor of a plaintiff who wishes to proceed.  Here, there is no such plaintiff.  In addition, this factor would be substantially outweighed by the delay, risk of prejudice, and waste of resources that would be incurred by allowing the action to remain on the Court's docket. Zhiqiang Cao v. U.S. Bancorp, N.A., 2011 WL 3794949, *3 (N.D.

Cal. Aug. 26, 2011).

### 5.    The Availability Of Less Drastic Sanctions

A District Court must consider the adequacy of less drastic sanctions before dismissing a case or claim.  <u>Malone</u>, 833 F.2d at 131-32.  Sanctions lesser than dismissal would be ineffective in this case.  Plaintiff has failed to comply with Court orders and Court issued briefing schedules.  Plaintiff is proceeding pro se. He has been given ample time to secure representation and he has failed to do so.  Plaintiff engaged in a binding settlement and refused to comply with the agreement.  He ignored the Court's order requiring him to comply with the terms of the settlement. There are no less drastic sanctions that would allow the case to proceed effectively.

The Court finds that dismissal without prejudice, rather than with prejudice, is the least drastic sanction available. <u>Arellano v. T-Mobile USA, Inc.</u>, 2012 WL 3877668, at *2 (N.D. Cal. Sept. 6, 2012) (finding that Rule 41(b) allows for dismissal without prejudice where dismissal with prejudice would be too harsh a sanction).

//

//

//

//

//

**<u>CONCLUSION</u>**

DEFENDANT'S MOTION RE PROCEDURE FOR RESOLUTION OF WAGE AND HOUR CLAIMS AND TO REQUEST A STATUS CONFERENCE OR, IN THE ALTERNATIVE, STATEMENT FROM PLAINTIFF (ECF No. 111) is **DENIED**.

All remaining claims in the action are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is **DIRECTED** to **CLOSE THE CASE.**

IT IS SO ORDERED.

DATED: April 13, 2020, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

<u>Jatin Dharia v. Marriott Hotel Services, Inc. d/b/a Waikiki Beach Marriott Resort & Spa</u>, Civ. No. 18-00008 HG-WRP; **ORDER DENYING DEFENDANT'S MOTION RE PROCEDURE FOR RESOLUTION OF WAGE AND HOUR CLAIMS AND TO REQUEST A STATUS CONFERENCE OR, IN THE ALTERNATIVE, STATEMENT FROM PLAINTIFF (ECF No. 111) and DISMISSING ALL REMAINING CLAIMS FOR FAILURE TO PROSECUTE PURSUANT TO FED. R. CIV. P. 41(b)**